IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHN W. BAREFOOT; LINDA BAREFOOT;
HAROLD HAFLEY,

    Plaintiffs,

v.                                                                                         Civ. No. 11-038 JB/LFG

ONEWEST BANK, FBS;
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.;
INDYMAC MORTGAGE SERVICES; MORTGAGEIT, INC.
JOSEPH D. GALLOGLY; KEY MORTGAGE CORPORATION;
SMART MONEY; COUNTRYWIDE HOMELOANS
C/O BANK OF AMERICA; ELIZABETH MASON;
JOHN DOES and JANE DOES, Individuals yet to be determined, if any,
also involved in the real estate finance and real estate loan transactions
involved in this case;
ABC CORPORATION, Corporations, Partnerships, LLCs, entities yet to
be determined, if any, also involved in the real estate refinance and real estate
loan transactions involved in this case; and
XYZ TRUST/TRANCHE SECURITIZATIONPOOL/HEDGEFUND
INVESTMENT CONDUIT and Corporations, Partnerships, LLCs,
Putative Promissory Note Beneficiaries and entities yet to be determined,
if any, also involved in the securitization of real estate mortgaged
backed securities having an interest in the Promissory Notes/loans which
are subject to this action,

    Defendants.

**REPORT AND RECOMMENDATION[1]**

    **THIS MATTER** is before the Court on an Order of Reference issued under 28 U.S.C. §§ 636(b)(1)(B), (b)(3), and <u>Virginia Beach Fed. Sav. & Loan Ass'n v. Wood</u>, 901 F.2d 849 (10th Cir.

---

[1] Within fourteen (14) days after a party is served with a copy of this analysis and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such analysis and recommendation. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the analysis and recommendation. If no objections are filed by February 4, 2011, no appellate review will be allowed.

1990), and directing me to "perform any legal analysis required to recommend to the Court an ultimate disposition" of any motions filed in this case. [Doc. 7.]

On January 12, 2011, *pro se* Plaintiffs John and Linda Barefoot ("Barefoots") and Harold Hafley's ("Hafley" or "Plaintiffs") filed a Complaint for declaratory and injunctive relief against numerous defendants. [Doc. 1.] Attached to the federal Complaint is a complaint for foreclosure that Onewest Bank filed against the Barefoots in state district court on March 12, 2010. [Doc. 1, Ex. 1.] On the same day Plaintiffs filed their Complaint in federal court, they also filed a Motion for a Temporary Restraining Order and Order to Show Cause Regarding a Preliminary Injunction ("motion for preliminary injunctive relief") against the same defendants. [Doc. 2]. Plaintiffs' motion for preliminary injunctive relief seeks to stop a foreclosure sale of real property owned by the Barefoots and Hafley, which was set for 10:00 a.m. on January 12, 2011, the same day they filed their Complaint and motion for injunctive relief. [Doc. 1, ¶ 29; Ex. 1; Doc. 2.]

The Court first observes the motion for preliminary injunctive relief is moot since the foreclosure sale was scheduled to take place at 10 a.m. on January 12, 2011, and Plaintiffs did not file their federal complaint until much later that day.[2] [Doc. 1, ¶ 29.] The request for preliminary injunctive relief was filed hours after the sale, and clearly, the matter could not have been addressed before the sale occurred. In addition, the Court is precluded from interfering with pending state-court proceedings that involve important state interests under the abstention doctrine set forth by the United States Supreme Court in Younger v. Harris, 401 U.S. 37 (1971). Alternatively, Plaintiffs cannot satisfy their heavy burden in satisfying the requirements for a temporary restraining order

---

[2]Federal court records show that Plaintiffs filed their pleadings at 4:41 p.m. and 4:42 p.m. on January 12, 2011. [Doc. 1, 2, Notices of Electronic Filing.] A court may judicially notice its own records. St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp., 605 F.2d 1169, 1172 (10th Cir. 1979)

to issue.³  For the reasons explained further below, the Court recommends that Plaintiffs' motion for injunctive relief [Doc. 2] be denied.

## I.      MOOTNESS

Based on the pleadings filed by Plaintiffs, the foreclosure sale which they sought to halt has already occurred.  The sale was scheduled to take place on the morning of January 12, 2011, the same day that Plaintiffs filed their motion for preliminary injunctive relief. [Doc. 2]  The Court cannot turn back the clock and prevent a sale that already occurred.  Therefore, the Court recommends Plaintiffs' request for a temporary restraining order be denied as moot.  *See, e.g.,* Swenson v. National City Mortg. Co., 2009 WL 793004, *4 (D. Utah Mar. 23, 2009) (unpublished) (plaintiff's attempt to enjoin foreclosure proceedings when sale had already occurred was moot); Turner v. Murphy Oil USA, Inc., 314 F. App'x 712, 713 (5th Cir. Mar. 13, 2009) (unpublished) (court cannot enjoin that which has already occurred).

## II.     YOUNGER ABSTENTION DOCTRINE

Plaintiffs' request for injunctive relief must be denied because of the Younger abstention doctrine.

Under the Younger abstention doctrine, a federal district court defers to the state adjudicative process.  "Federal courts should not 'interfere with state court proceedings by granting equitable relief-such as injunctions of important state proceedings or declaratory judgments regarding

---

³In addition, Plaintiffs' motion for injunctive relief is procedurally defective.  Under Fed. R. Civ P. 65(b), a court may issue a temporary restraining order without written or oral notice to the adverse parties or their attorneys "only if" Plaintiffs file an affidavit or verified complaint clearly showing that immediate and irreparable injury would result to the movants before the adverse parties could be heard in opposition and the movants' attorney certifies in writing any efforts made to give notice and the reasons why they should not be required to give notice to the opposing parties or counsel.  Plaintiffs did not attach the required affidavit with their motion or Complaint.  The information sheet they filed [Doc. 3] indicating they had attempted to notify one defendant of their motion does not satisfy the requirements of Rule 65(b)(1).

constitutional issues in those proceedings' when the state forum provides an adequate avenue for relief." Weitzel v. Div. of Occupational & Prof'l Licensing, 240 F.3d 871, 875 (10th Cir. 2001) (citation omitted). If there is an ongoing state court proceeding regarding the foreclosure process at issue, the federal court should abstain under the Younger doctrine. Beeler Properties, LLC v. Lowe Enterprises Residential Investors, LLC, 2007 WL 1346591, *2-3 (D. Colo. May 7, 2007) (unpublished).

The Younger abstention doctrine applies when: there is an ongoing state court proceeding, the state court provides an adequate forum for determining the claims asserted in the federal action, and the proceedings involve important state interests, "matters which traditionally look to state law for their resolution or implicate separately articulated state policies." Chapman v. Oklahoma, 472 F.3d 747, 749 (10th Cir. 2006) (citation omitted). Stated differently, the Younger doctrine requires abstention when the following three elements are present: (1) interference with an ongoing state judicial proceeding; (2) involvement of important state interests; and (3) an adequate opportunity afforded in the state court proceedings to raise the federal claims. Southwest Air Ambulance, Inc. v. City of Las Cruces, 268 F.3d 1162, 1178 (10th Cir. 2001).

Here, based on exhibits attached to Plaintiffs' Complaint, there is an ongoing judicial proceeding concerning the foreclosure at issue, Onewest Bank, FSB v. John W. Barefoot and Linda Barefoot, CIV 2010 03142, Second Judicial District Court, State of New Mexico. [Doc. 1, Ex. 1.] A foreclosure sale implicates important state interests. *See* BFP v. Resolution Trust Corp., 511 U.S. 531, 565 (1994) (stability of title in real property may be said to be an "important" state interest), *reh'g denied*, 512 U.S. 1247 (1994). *See also* Edward v. Dubrish, 2009 WL 1683989, *11 (D. Colo. Jun 15, 2009) (unpublished) (applying Colorado state law) ("foreclosure action as well as the perfection and recording of liens are matters governed by state law and are traditionally resolved in

state courts"). The Court will not interfere with an ongoing state judicial proceeding that involves important state interests. In addition, Plaintiffs can pursue their claims that Defendants have no legal right to foreclose on their house with the state district court and later with the state court of appeals. Thus, Plaintiffs did not and cannot demonstrate that they are unable to raise their claims in the state court proceeding. Because all three requirements are met under Younger, the Court must abstain.

"Younger abstention is not discretionary once the [three] conditions are met, absent extraordinary circumstances that render a state court unable to give state litigants a full and fair hearing on their federal claims." Seneca-Cayuga Tribe v. Oklahoma, 874 F.2d 709, 711 (10th Cir. 1989) (citation omitted). "Younger . . . and its progeny espouse a strong federal policy against federal court interference with pending state judicial proceedings . . . ." Morrow v. Winslow, 94 F.3d 1386, 1398 (10th Cir. 1996), *cert. denied*, 520 U.S. 1143 (1997). Plaintiffs did not demonstrate extraordinary circumstances that would interfere with the state court's ability to fully and fairly resolve the foreclosure proceeding.

For the above-stated reasons, the Court recommends that Plaintiffs' motion for injunctive relief be denied.

### III. TEMPORARY RESTRAINING ORDER REQUIREMENTS

Alternatively, the Court recommends that Plaintiffs' motion for injunctive relief be denied because they cannot satisfy the requirements for such relief. Under the circumstances, they fail to demonstrate a substantial likelihood of success on the merits or irreparable harm to Plaintiffs if the injunction is denied.

"A temporary restraining order or preliminary injunction is an 'extraordinary remedy,' and, therefore, the right to relief must be 'clear and unequivocal.'" Nova Health Sys. v. Edmondson, 460

F.3d 1295, 1298 (10th Cir. 2006) (internal citation and quotation omitted); Wilderness Workshop v. United States Bureau of Land Mgmt., 531 F.3d 1220, 1224 (10th Cir. 2008).  *See also* GTE Corp. v. Williams, 731 F.2d 676, 678 (10th Cir. 1984) ("[A preliminary injunction] is the exception rather than the rule.").  The decision to grant or deny a request for a temporary restraining order ("TRO") or injunctive relief is a matter of discretion.  *See* Signature Prop. Int'l Ltd. P'ship v. City of Edmond, 310 F.3d 1258, 1268 (10th Cir. 2002) (court's decision to grant or deny request for injunctive relief is reviewed for abuse of discretion), *cert. denied*, 539 U.S. 914 (2003).

To prevail on a request for TRO or preliminary injunctive relief, Plaintiffs must establish that four equitable factors weigh in their favor:

> (1) a substantial likelihood of success on the merits; (2) irreparable harm to the movant if the injunction is denied; (3) the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest.

Westar Energy, Inc. v. Lake, 552 F.3d 1215, 1224 (10th Cir. 2009); Gen'l Motors Corp. v. Urban Gorilla, LLC, 500 F.3d 1222, 1226 (10th Cir. 2007).  When a preliminary injunction or TRO would alter the status quo, such as the TRO requested in this case, the movant bears a heightened burden and "must make a strong showing both with regard to the likelihood of success on the merits and with regard to the balance of harms." O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft, 389 F.3d 973, 976 (10th Cir. 2004) (*en banc*) (*per curiam*), *aff'd and remanded*, 546 U.S. 418 (2006).

Plaintiffs have not made a clear and unequivocal showing of their right to injunctive relief.  Their Complaint and motion, while sympathetically written, "read more like manifestos against the residential loan industry than legal claims for relief."  *See* Moore v. One West/Indy Mac Bank, 2010 WL 3398855, *4 (D. Colo. Jul 12, 2010) (unpublished) (analyzing motion for injunctive relief in

bankruptcy proceeding), *adopted by* Moore v. One West/Indy Mac Bank, 2010 WL 3398550 (D. Colo. Aug. 26, 2010). They fail to satisfy their heightened burden in satisfying the elements of injunctive relief, when their request would alter the current status quo.

Moreover, Plaintiffs have not demonstrated a sufficient likelihood of success on the merits in a case where they concede that they elected to refinance their home with an adjustable interest rate, notwithstanding allegations that they were "lured" into that deal, and where they admit they fell behind in making timely payments to the mortgage company [Doc. 1, ¶¶ 26, 27.] In addition, state court records demonstrate that the Barefoots defaulted on the foreclosure action and that Judgement was entered against them.[4] Thus, the fact that they lost a key portion of their lawsuit in state court does not bode well for their success on the merits in federal court. Moreover, the foreclosure sale which they sought to halt presumably occurred as scheduled. "The purpose of a preliminary injunction is not to remedy past harm but to protect plaintiffs from irreparable injury that will surely result without their issuance." Schrier v. Univ. of Colo., 427 F.3d 1253, 1267 (10th Cir. 2005). Under these circumstances, Plaintiffs cannot demonstrate sufficient likelihood of success on the merits.

Plaintiffs also fail to satisfy the requirement that the foreclosure constitutes irreparable harm or injury to them. Such harm "must be certain, great, actual and not theoretical." Id. at 1267 (internal citation omitted). A serious or substantial harm does not constitute "irreparable harm." Id. Even after a foreclosure sale, Plaintiffs retain a right to redeem. In addition, any subsequent

---

[4] A court may take judicial notice of its own records as well of those of other courts, particularly in closely-related cases. Hutchinson v. Hahn, 2010 WL 4780694, *3 (10th Cir., Nov. 24, 2010) (unpublished) (*citing* St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp., 605 F.2d 1169, 1172 (10th Cir.1979)).

harm in losing the property may be compensated by monetary damages. "It is [] well settled that simple economic loss usually does not, in and of itself, constitute irreparable harm; such losses are compensable by monetary damages." Id. (internal citation omitted). Thus, Plaintiffs did not demonstrate that they would suffer an "irreparable" injury.

The Court concludes that the balance of equities does not favor the issuance of the preliminary relief requested.

The Court, therefore, recommends that the motion for a injunctive relief [Doc. 2] be denied.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
UNITED STATES MAGISTRATE JUDGE